OPINION.
{¶ 1} Plaintiff-appellant NorthStar Land LLC ("NorthStar") appeals the April 10, 2003 Opinion entered by the Delaware County Court of Common Pleas, which denied NorthStar's request for an injunction. Defendants-appellees are Delaware County Board of Elections, et al.
 STATEMENT OF THE FACTS AND CASE {¶ 2} NorthStar, a limited liability company, owns an 866.47 acre tract of land in Kingston Township, Delaware County. The land is located in a rural area of the county and is almost exclusively farmland.
 {¶ 3} On August 14, 2001, NorthStar filed an application with the Delaware County Zoning Department, seeking to rezone the land from a farm residential district to a planned residential district, a form of a planned-unit development ("PUD"). Kingston Township did not have its own separate zoning resolution at the time of NorthStar's filing of the application. As such, zoning matters were governed by the Delaware County Zoning Code. Rezoning applications were heard by the Delaware County Regional Planning Commission and the Delaware County Rural Zoning Commission, then reviewed by the Delaware County Board of County Commissioners pursuant to R.C. 303.01, et seq. Prior to the county commissioners' reviewing NorthStar's application, Kingston Township enacted its own zoning resolution pursuant to R.C. 519.10. Thereafter, Kingston Township zoning inspector David LaValle notified NorthStar the county commissioners would not consider NorthStar's application, as the commissioners had decided they no longer had jurisdiction to review said application.
 {¶ 4} NorthStar filed an action in the Delaware County Court of Common Pleas, seeking a declaration its application was subject to the standards and procedures set forth in R.C. 303.12 and Article X of the Delaware County Zoning Code, and not the Kingston Township Zoning Resolution. Ultimately, NorthStar agreed to submit an application for amendment of zoning map under the new Kingston Township Zoning Code and have that application reviewed by the Kingston Township Trustees. NorthStar filed the application as well as a preliminary development plan on May 1, 2002. The Delaware County Regional Planning Commission and the Kingston Zoning Commission reviewed the application and preliminary development plan at a public hearing, and recommended approval of NorthStar's application and plan. On December 26, 2002, the Kingston Township Trustees adopted Resolution number R2002-08 ("the resolution"), approving NorthStar's rezoning proposal.
 {¶ 5} Following the adoption of the resolution, a group of Kingston Township citizens circulated a referendum petition on the resolution, which was filed with the Kingston Township Clerk on January 12, 2003. The group sought to have the resolution placed on the November 4, 2003 ballot for approval or disapproval by the electorate. Following the procedures established by R.C. 519.12, the clerk transmitted the petition to the Delaware County Board of Elections. The board of elections certified the referendum for placement on the November 4, 2003 ballot. On February 12, 2003, NorthStar filed a protest with the board of elections, challenging its decision. At a hearing on the protest on February 24, 2003, the board of elections determined the Kingston Township Trustees' decision to rezone NorthStar's land was a legislative act; therefore, subject to referendum, and concluded the referendum should be placed on the November 4, 2003 ballot.
 {¶ 6} On March 3, 2003, NorthStar filed a complaint in the Delaware County Court of Common Pleas, seeking a temporary restraining order, preliminary injunction, and permanent injunction to enjoin the board of elections from placing the referendum question on the ballot. The trial court conducted hearings on March 12, 21 and 27, 2003. Via Opinion filed April 10, 2003, the trial court held the referendum should be placed on the November 4, 2003 ballot, finding the Kingston Township Trustees' decision to rezone NorthStar's land was a legislative act and subject to referendum.
 {¶ 7} It is from the April 10, 2003 Opinion NorthStar appeals, raising as it sole assignment of error:
 {¶ 8} "I. The trial court erred in finding that Northstar Land LLC was not entitled to an injunction prohibiting the Delaware County Board of Elections from submitting the referendum petition, requesting a public vote on Kingston Township Resolution No. R2002-08 to the Electors of Kingston Township for their approval or rejection at the next election to be held on November 4, 2003."
 I {¶ 9} In its sole assignment of error, NorthStar contends the trial court erred in finding the resolution was subject to referendum.
 {¶ 10} R.C. 519.021, which grants a township the authority to adopt PUD regulations into the township zoning resolution, provides:
 {¶ 11} "Planned-unit developments may be included in the township zoning resolution under one of the following procedures:
 {¶ 12} "(A) The board of township trustees may adopt planned-unit development regulations that do not automatically apply to any property in the township, but establish standards that will apply to property that becomes part of a planned-unit development as provided in this division. Property owners who wish to have planned-unit development regulations apply to their property may apply to have the zoning map amended pursuant to section 519.12 of the Revised Code to rezone their property as a planned-unit development and no longer subject to any previously applicable zoning regulations. * * * After the designation of the property as a planned-unit development on the zoning map, any approval or disapproval of subsequent use or development of property in a planned-unit development as being in compliance with regulations established as authorized by this division shall not be considered to be an amendment or supplement to a township zoning resolution for the purpose of section 519.12 of the Revised Code, but may be appealed pursuant to Chapter 2506. of the Revised Code.
 {¶ 13} "(B) Upon the application of property owners, the board of township trustees may establish a planned-unit development for their property, designating the property as a planned-unit development on the zoning map in accordance with the procedures set forth in section 519.12
of the Revised Code, and simultaneously adopting regulations as part of that same procedure that will apply only to that planned-unit development. Within that development, property is subject to the planned-unit development regulations and not to any other zoning regulations. * * * After the designation of the property as a planned-unit development on the zoning map and the simultaneous adoption of regulations that will apply only to that planned-unit development, any approval or disapproval of subsequent use or development of property in a planned-unit development as being in compliance with regulations established as authorized by this division shall not be considered to be an amendment or supplement to a township zoning resolution for the purpose of section 519.12 of the Revised Code, but may be appealed pursuant to Chapter 2506. of the Revised Code.
 {¶ 14} "(C) Pursuant to section 519.12 of the Revised Code, the board of township trustees may adopt planned-unit development regulations and amend the zoning map to rezone property as planned-unit developments. Any other zoning regulations and zoning district that exist at the time a planned-unit development district is established under this division continue to apply within the planned-unit development district unless the board or the township zoning commission approves an application of an owner of property within the district to subject the owner's property to planned-unit development regulations under this division. Such an application shall be made in accordance with the planned-unit development regulations and shall include a development plan that complies with the planned-unit development regulations. Upon receiving such an application, the board of township trustees or township zoning commission, as applicable, shall determine whether the application and plan comply with the planned-unit development regulations. The board's or commission's determination shall not be considered to be an amendment to a township zoning resolution for purposes of section 519.12
of the Revised Code, but may be appealed pursuant to Chapter 2506. of the Revised Code. If the board or commission makes a final determination that the plan included in the application complies with the planned-unit development regulations or, if the board's or commission's final determination is one of noncompliance then if a court of competent jurisdiction makes a final nonappealable order finding compliance, the board or commission, as applicable, shall approve the application and upon approval shall cause the zoning map to be changed so that any other zoning district that applied to the property that is the subject of the owner's application no longer applies to that property. The removal of the prior zoning district from the zoning map is a ministerial act and shall not be considered to be an amendment or supplement to a township zoning resolution for the purposes of section 519.12 of the Revised Code and may not be appealed pursuant to Chapter 2506. of the Revised Code."
 {¶ 15} Nothing in this section prevents a board of township trustees from authorizing a planned-unit development as a conditional use in the zoning resolution pursuant to section 519.14 of the Revised Code."
 {¶ 16} The procedures for creating a planned-unit development under R.C. 519.021(A)-(C) are separate and distinct. These distinctions dictate the determination of whether the rezoning of a property to a PUD district is a legislative act or an administrative act. If the creation of the PUD is a legislative act, such determination would be subject to referendum. The parties do not disagree if NorthStar's planned residential development was created under subsections (A) or (B), the matter would be subject to referendum, nor do they disagree if such was created under subsection (C), the matter would not be subject to referendum. NorthStar contends Kingston Township provides for the creation of PUD districts pursuant to subsection (C); therefore, there is no right of referendum. The board disagrees, and submits the PUD was created under subsection (A). We agree with the board.
 {¶ 17} Article VIII of the Kingston Township Zoning Resolution sets forth the purpose, permitted uses, conditional uses, prohibited uses, and development standards and requirements of the planned-residence districts. Section 8.05 of Article VIII is entitled "Procedure," and sets forth the procedure through which an applicant may apply for an amendment to the zoning map. An application for a PRD requires "a change in the zoning map to show the PRD as a rezoning, and the submission and approval of a final development plan." NorthStar submits, "When a township creates a PUD district under Section C, the PUD district is a `floating zone' or `overlay district' which hovers over certain identified township property until a property owner requests to have the PUD standards applied to its property. * * * At the time that the Kingstown Zoning Resolution was adopted, the township identified the land that could be subject to each of the three types of planned district regulations." Brief of Appellant at 9. NorthStar refers this Court to Section 8.5(A) of the Kingston Township Zoning Resolution, which reads:
 {¶ 18} "A) Application — The owner or owners of lots and lands within the area under Township Zoning may request that the zoning map be amended to include such tracts in the Planned Residence District in accordance with the provisions of this resolution."
 {¶ 19} NorthStar explains this language creates a "floating" or "overlay" district over any "lots and lands within the area under Township Zoning." We disagree.
 {¶ 20} Pursuant to R.C. 519.021(C), when a township creates an overlay or floating PUD district, the board of trustees must "amend the zoning map to rezone property as planned-unit developments." Subsection (C) applies to property designated as a PUD district on the township zoning map. This is not the case in the instant matter. There is nothing in the record before this Court to establish Kingston Township amended the zoning map to create an overlay or floating PUD district. We find R.C. 519.021(A), as set forth supra, is applicable to the instant situation. Accordingly, we further find the matter is subject to referendum and the trial court did not err in finding as such.
 {¶ 21} NorthStar's sole assignment of error is overruled.
 {¶ 22} The judgment of the Delaware County Court of Common Pleas is affirmed.
Hoffman, J. and Farmer, J. concur.
Gwin, P.J. dissents.